UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
IAN WINDLEY,

                    Plaintiff,                  **MEMORANDUM OPINION**
                                                         **AND ORDER**

v.

                                                         19-CV-04858 (PMH)

WESTCHESTER COUNTY, et al.,

                    Defendants.
----------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

      Plaintiff Ian Windley ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, commenced this action with the filing of his initial Complaint on May 23, 2019. (Doc. 2). Shortly thereafter, on July 8, 2019, Plaintiff filed a First Amended Complaint ("FAC"). (Doc. 7, "FAC"). Plaintiff presses claims against Defendants Westchester County (the "County"), Aramark Correctional Services, LLC ("Aramark"), Manuel Mendoza, and Penny Stewart (collectively "Defendants") related to an incident in which he was allegedly served food containing a piece of metal while detained as a pretrial detainee by the Westchester County Department of Corrections ("WCDOC") at the Westchester County Jail ("WCJ").

1

By motion dated May 11, 2020, Defendants moved to dismiss Plaintiff's FAC pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 26; Doc. 27, "Defs. Br."). Defendants' motion is unopposed.[1]

For the reasons set forth below, Defendants' motion is GRANTED.

## BACKGROUND

On April 6, 2019, while detained as a pretrial detainee by WCDOC, Plaintiff was served a dinner consisting of mashed potatoes, a chicken patty, and broccoli. (FAC at 4). While eating the mashed potatoes, Plaintiff "bit into something that appeared to be metal causing [him] excruciating pain in [his] left molar which consequently cracked and required an extraction (a week later)." (*Id.*). Plaintiff asserts that this is just one example out of "dozens of food related injuries" at WCDOC, and that there are "50 food related lawsuits" against WCDOC, which include similar allegations. (*Id.* at 4-5). Plaintiff avers that the County is aware that Aramark, which is apparently the company that coordinates food services at WCDOC, "circumvents safety procedures by way of allowing random dangerous items to find its way into inmate's meals." (*Id.* at 4). Plaintiff alleges that the history of lawsuits against Defendants demonstrates that the County knows or should know that Defendants are "serving unconstitutional meals to inmates" at WCJ. (*Id.* at 5).

---

[1] Plaintiff's brief in opposition to Defendants' motion was due May 25, 2020. (Doc. 24). The docket reflects that Plaintiff was served with a copy of the Order setting forth the briefing schedule for Defendants' motion (Doc. 25) as well as a copy of Defendants' motion and supporting papers (Doc. 27-2). By Order dated June 23, 2020, the Court *sua sponte* extended Plaintiff's time to file a brief in opposition to Defendants' motion. (Doc. 28). A copy of same was served on Plaintiff by Defendants that same day. (Doc. 29). Still, Plaintiff did not file a brief in opposition to Defendants' motion. In fact, Plaintiff has not communicated with the Court in any way since November 1, 2019 when he filed a Notice of Change of Address. (Doc. 23).

## **STANDARD OF REVIEW**

On a Rule 12(b)(6) motion, the court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the ple[d] factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*. The factual allegations pled "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations [in the complaint], a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the court must "take all well-ple[d] factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). However, the presumption of truth does not extend to "legal conclusions, and threadbare recitals of the elements of the cause of actions." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. 662). Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

A complaint submitted by a *pro se* plaintiff, "however inartfully ple[d], must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (internal quotation

marks omitted)). Because *pro se* plaintiffs are often unfamiliar with the formalities of pleading requirements, courts must apply a more flexible standard in determining the sufficiency of a *pro se* complaint than they would in reviewing the complaint of an individual represented by counsel. *Smith v. U.S. Dep't of Just.*, 218 F. Supp. 2d 357 (W.D.N.Y. 2002). While "[p]ro se complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal* . . . dismissal of a *pro se* complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." *Thomas v. Westchester Cty.*, No. 12-CV-6718, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013) (internal citations omitted); *see also Chavis v. Cappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("Even in a *pro se* case, [] 'although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" (quoting *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir.2009))).

When deciding an unopposed motion to dismiss, as is the case here, "the Court is to 'assume the truth of a pleading's factual allegations and test only its legal sufficiency. Thus, although a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law.'" *Law v. Corizon Med. Servs.*, No. 13-CV-5286, 2014 WL 2111675, at *3 (S.D.N.Y. May 12, 2014) (quoting *McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000)). Therefore, it is appropriate for the Court to test the legal sufficiency of Plaintiff's FAC even without the benefit of a brief in opposition to Defendants' motion from Plaintiff.

## ANALYSIS

Construing Plaintiff's FAC liberally, as is required, Plaintiff asserts two claims under 42 U.S.C. § 1983: (1) a Fourteenth Amendment unconstitutional conditions of confinement claim and (2) a *Monell* municipal liability claim. The Court analyzes Plaintiff's two claims for relief *seriatim*.

### I. Unconstitutional Conditions of Confinement Claim

At the time of the events giving rise to this dispute, Plaintiff was a pretrial detainee. (FAC at 2). Thus, Plaintiff's unconstitutional conditions of confinement claim exists under the Due Process Clause of the Fourteenth Amendment rather than the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (citing *Benjamin v. Fraser*, 343 F.3d 35, 49 (2d Cir. 2003)). "A pretrial detainee may establish a § 1983 claim for allegedly unconstitutional conditions of confinement by showing that the officers acted with deliberate indifference to the challenged conditions." *Id.* (citing *Benjamin*, 343 F.3d at 50). A Fourteenth Amendment unconstitutional conditions of confinement test requires the detainee to satisfy "an 'objective prong' showing that the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process, and a 'subjective prong'—perhaps better classified as a '*mens rea* prong' or 'mental element prong'—showing that the officer acted with at least deliberate indifference to the challenged conditions." *Id.*

Regarding the objective prong, the conditions of confinement are deemed sufficiently serious if the detainee can show that "the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health." *Id.* at 30 (quoting *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013)). There is no "static test" to determine whether a detainee's conditions of confinement were sufficiently serious to constitute a deprivation of the right to due process;

"instead, 'the conditions themselves must be evaluated in light of contemporary standards of decency.'" *Id.* (quoting *Blissett v. Coughlin*, 66 F.3d 531, 537 (2d Cir. 1995)). At the motion to dismiss stage, the Court must determine whether the detainee's allegations lead to the plausible inference that the detainee was "deprived of [his] 'basic human needs—*e.g.*, food, clothing, shelter, medical care, and reasonable safety'" or whether the detainee was "exposed 'to conditions that pose an unreasonable risk of serious damage to [his] future health.'" *Jabbar v. Fischer*, 683 F.3d 54, 57 (2d Cir. 2012) (quoting *Phelps v. Kapnolas*, 308 F.3d 180, 185 (2d Cir. 2002)).

While the Constitution requires that "prisoners be served 'nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well[-]being of the inmates who consume it,'" *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983) (quoting *Ramos v. Lamm*, 639 F.2d 559, 571 (10th Cir. 1980)), generally, "a single incident of contaminated food does not rise to the level of a substantive due process violation," *Roundtree v. City of New York*, No. 15-CV-8198, 2018 WL 1586473, at *8 (S.D.N.Y. Mar. 28, 2018). *See also Jumpp v. Simonow*, No. 20-CV-138, 2020 WL 4059850, at *11 (D. Conn. July 20, 2020) ("Generally, a single incident of contaminated food does not rise to the level [of] a constitutional violation without allegations that the quality and preparation of the food fell so short of basic standards that the food posed an unreasonable risk of serious damages to a plaintiff's health."); *Warren v. City of New York*, No. 18-CV-4410, 2020 WL 353772, at *3 (S.D.N.Y. Jan. 21, 2020) (same).

Here, Plaintiff alleges that on one occasion he bit into a piece of metal in his mashed potatoes causing a crack in his left molar which ultimately required that the tooth be extracted. (FAC at 4). Simply put, this single incident of food contamination does not rise to the level of a

6

constitutional violation, *see, e.g.*, *Roundtree,* 2018 WL 1586473, at *8, and thus Plaintiff's allegations do not lead to the plausible inference that his conditions of confinement posed a risk of serious damage to health. Furthermore, Plaintiff's vague and conclusory allegation that there are "dozens" of other food related injuries at WCDOC and fifty other food-related lawsuits brought by other detainees against WCDOC (FAC at 4-5) does not establish that the food served to inmates by WCDOC fell so short of basic standards that the protections afforded by the Fourteenth Amendment are implicated. Accordingly, Plaintiff's Fourteenth Amendment unconstitutional conditions of confinement claim is dismissed.[2]

## II. *Monell* Municipal Liability Claim

Plaintiff also asserts a *Monell* municipal liability claim against the County and Aramark.[3] "It is well established that a municipality may not be held liable under Section 1983 for alleged unconstitutional actions by its employees below the policy-making level solely upon the basis of respondeat superior." *Ukeje v. N.Y.C. Health & Hosps. Corp.*, 821 F. Supp. 2d 662, 669 (S.D.N.Y. 2011) (citing *Monell v. Dep't of Soc. Services of City of N.Y.*, 436 U.S. 658 (1978)). Rather, to prevail on a *Monell* claim against a municipality "the plaintiff must plead and prove that the violation of constitutional rights resulted from a municipal custom or policy." *Id.* at 670 (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478-83 (1986)). Thus, to assert a

---

[2] The Court need not, and does not, consider whether Plaintiff can satisfy the subjective prong of the Fourteenth Amendment unconstitutional conditions of confinement test because the failure to satisfy the objective prong is fatal to Plaintiff's claim.

[3] The Court assumes, for the purposes of adjudicating the present motion, that Aramark is a state actor potentially subject to municipal liability under 42 U.S.C. § 1983. *See Ackridge v. Aramark Corr. Food Servs.*, No. 16-CV-6301, 2018 WL 1626175, at *10 (S.D.N.Y. Mar. 30, 2018) (finding that "Aramark may be treated as a state actor for purposes of a claim brought pursuant to § 1983 . . . ."); *Pagan v. Westchester Cty.*, No. 12-CV-7669, 2014 WL 982876, at *25 (S.D.N.Y. Mar. 12, 2014), *on reconsideration*, No. 12-CV-7669, 2015 WL 337403 (S.D.N.Y. Jan. 26, 2015) (considering Aramark to be a state actor subject to § 1983 liability).

*Monell* claim against a municipality a plaintiff must plausibly allege and ultimately prove three things: "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of N.Y.*, 490 F.3d 189, 195 (2d Cir. 2007) (quoting *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983)).

Proof of the existence of a municipal policy or custom is required because a plaintiff must demonstrate that "the municipality took some action beyond merely employing the [allegedly] misbehaving officers." *Chamberlain v. City of White Plains*, 986 F. Supp. 2d 363, 390 (S.D.N.Y. 2013) (quoting *Vippolis v. Vill. of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985)). There are several ways in which a Plaintiff can demonstrate that an official policy or custom existed including:

> (1) a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by government officials responsible for establishing municipal policies which caused the alleged violation of the plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a 'custom or usage' and implies the constructive knowledge of policy-making officials; or (4) a failure by official policy-makers to properly train or supervise subordinates to such an extent that it amounts to deliberate indifference to the rights of those with whom municipal employees will come into contact.

*Id.*

Here, Plaintiff has failed to allege that the County or Aramark maintained an official policy or custom which led to the violation of Plaintiff's constitutional rights. Interpreting Plaintiff's FAC with the required liberality, Plaintiff attempts to establish the existence of a practice so persistent and widespread that it constitutes an official policy or custom by alleging that he is aware of "dozens" of other food related injuries at WCDOC and fifty other food-related lawsuits brought by other detainees against WCDOC. (FAC at 4-5). These generic and

conclusory allegations cannot sustain a *Monell* claim. *See Rutherford v. Westchester Cty.*, No. 18-CV-4872, 2020 WL 433841, at *12 (S.D.N.Y. Jan. 28, 2020) ("Plaintiff's claims that Defendants were previously sued for similar conduct is similarly general; Plaintiff does not describe the conduct alleged in these suits in any detail, nor explain whether and how the conduct alleged in those suits was widespread and consistent."); *Rivera v. Westchester Cty.*, No. 18-CV-8354, 2019 WL 3958425, at *5 (S.D.N.Y. Aug. 22, 2019) ("Although Plaintiff alleges that numerous similar lawsuits, grievances, and complaints against Aramark have been filed, he fails to provide any factual details regarding these other lawsuits and grievances. The absence of such detail dooms Plaintiff's Complaint."). The complete paucity of detail regarding the other alleged incidents in which other inmates were served contaminated food is fatal to Plaintiff's *Monell* claims. *Mercedes v. Westchester Cty*, No. 18-CV-4087, 2019 WL 1429566, at *5 (S.D.N.Y. Mar. 29, 2019) (dismissing *Monell* claim because "[p]laintiff simply does not allege any factual indicia from which this Court could infer the existence of a policy or custom."). Accordingly, because Plaintiff has failed to allege the existence of an official policy or custom of the County or Aramark, Plaintiff's *Monell* claim is dismissed.

Additionally, and separately dispositive of Plaintiff's *Monell* claims, Plaintiff cannot establish the third element of a *Monell* claim: a denial of a constitutional right. The Court has already found *supra* that Plaintiff failed to state a Fourteenth Amendment unconstitutional conditions of confinement claim.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss. While "[d]istrict courts should frequently provide leave to amend before dismissing a *pro se* complaint . . . leave to amend is not necessary when it would be futile." *Reed v. Friedman Mgt. Corp.*, 541

F. App'x 40, 41 (2d Cir. 2013) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Here, the Court dismisses Plaintiff's Complaint with prejudice as any amendment would be futile.[4] The Court directs the Clerk to terminate the pending motion (Doc. 26) and terminate this action. The Court further directs the Clerk to mail a copy of this Memorandum Opinion and Order to Plaintiff at the address provided on the docket.

Dated: New York, New York
       January 26, 2021

SO ORDERED:

_____
Philip M. Halpern
United States District Judge

---

[4] The Court notes that it appears that Plaintiff has abandoned this litigation. Plaintiff did not file a brief in opposition to Defendants' motion to dismiss and has not communicated with the Court in any way since November 1, 2019. Thus, and separately, the Court finds that dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b) is appropriate. *See Hutter v. Countrywide Bank, N.A.*, No. 09-CV-10092, 2017 WL 108059, at *3 (S.D.N.Y. Jan. 9, 2017) ("[W]hen a plaintiff abandons or neglects a cause of action, it can be dismissed for want of prosecution." (citing Fed. R. Civ. P. 41(b))).